FILED

2017 Jul-14  PM 05:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Southern Division

2017 JUL 14 P 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **JOSE ROCHA MARTINEZ,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **GALLEY & GARDEN LLC,** | ) | 2:17-cv-01187-KOB |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

Plaintiff, Jose D. Rocha Martinez, by and through his counsel, for his Complaint against Defendant, Garden & Galley, LLC, seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq., and hereby states and alleges as follows:

## INTRODUCTION

1.     This action is brought pursuant to FLSA § 216(b) by Plaintiff for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorney's fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant is an upscale restaurant located in Birmingham, Alabama.

3.     Defendant denied overtime premium pay to Plaintiff after employing Defendant to work in excess of 40 hours of labor per week.

4.      Defendant's deliberate failure to pay Plaintiff overtime compensation violates federal law as set out in the Fair Labor Standards Act. See 29 CFR 541.600.

## JURISDICTION AND VENUE

5.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

6.      Original jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37. Supplemental jurisdiction is conferred upon this FLSA claim based on 28 U.S.C. § 1367.

7.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

8.      The Defendant, Galley & Garden, LLC, is an Alabama enterprise that employed the Plaintiff to labor for its benefit in this District, and, at all times, engaged in commerce in this District.

9.      The cause of action set forth in this Complaint arose in this District.

## PARTIES

10.     Defendant maintains their principal place of business in Birmingham Alabama.

11.     Plaintiff is a former dishwasher who worked for Defendant within the last three years.

12.    Plaintiff is over the age of nineteen and is an individual domiciled in the State of Alabama.

## GENERAL ALLEGATIONS

13.    Plaintiff worked as a dishwasher and general laborer from November 2014 until February of 2017.

14.    Plaintiff was paid on an hourly basis.

15.    At all times during Plaintiff's employment, Plaintiff was non-exempt for purposes of overtime calculations.

16.    Plaintiff worked as many as 70 hours a week.

17.    Plaintiff was not paid any premium overtime rate for work in excess of 40 hours a week.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938 (Brought Against Defendant by Named Plaintiff)

18.    Plaintiff reasserts and incorporates by reference paragraphs 1 through 17 as set forth above as if fully restated herein.

19.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et. seq.

20.    Defendant violated the FLSA by failing to pay overtime compensation.

21.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

22.    Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

23.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.

24.    None of the FLSA exemptions apply to the Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

25.    Defendant's failure to accurately pay overtime was willfully perpetrated.

26.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

27.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

4

28. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

29. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

a. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and other applicable regulations and were willful as defined in the FLSA;

b. Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid premium overtime wages for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

c. Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

d.      Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorney's fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

e.      Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Alabama and Federal law.

Dated: July 13th, 2017

Respectfully submitted by,

Daniel López Rubio, ESQ.
Attorney for Plaintiff

Yu Huang, ESQ.
Attorney for Plaintiff

**OF COUNSEL:**

**López Rubio Lawyers, LLC**
221 W. Valley Avenue
Birmingham, Alabama 35209
(T)    (205) 418-0001
(F)    (205) 418-0003

**STATE OF ALABAMA** )
**JEFFERSON COUNTY** )

I, Jose Rocha Martinez, am the Plaintiff in the foregoing Complaint against Galley & Garden, LLC. The statements made within the Complaint are true and correct to the best of my knowledge, information and belief. The Complaint was translated for me, prior to signing my complaint against Defendant.

_____
JOSE D. ROCHA MARTINEZ, PLAINTIFF

SWORN to and subscribed before me on this the 13th day of July, 2017, by Jose Rocha Martinez.

_____
NOTARY PUBLIC
My Commission Expires:

DANIEL LOPEZ RUBIO
Notary Public
Alabama State at Large

My Commission Expires
October 24, 2020